**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Wren US Holdings Inc., *et. al*, | Case Nos. 26-10581 (KBO) |
| Debtors.[1] | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGIES AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above captioned debtors (collectively, the "Debtors"), with the assistance of their advisors, have each filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

On April 24, 2026 (the "Petition Date"), the Debtors each filed a voluntary petition in the Bankruptcy Court under chapter 7 of the Bankruptcy Code. On April 27, 2026, David Carickhoff was appointed as the chapter 7 trustee of the Debtors.

The Schedules and Statements were prepared by the Debtors' advisors and former management and are unaudited. Although such parties have made reasonable efforts to accurately and completely disclose the assets, liabilities and other required information on the Schedules and Statements on an unconsolidated basis, the Schedules and Statements are based on information known to them at the time of the preparation and subsequent information or discovery may result in material changes to the Schedules and Statements. Accordingly, inadvertent errors or omissions may exist in the Schedules and Statements. Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that the Schedules and Statements are wholly accurate and complete. In no event shall the Debtors or their agents, attorneys and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or profits), whether foreseeable or

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Wren US Holdings, Inc. (2676); Wren Manufacturing, Inc. (0021); Wren Retail, Inc. (1884); Wren Logistics, Inc. (2433); Wren Kitchens New York, Inc. (0884); Wren New Jersey, Inc. (5706); Wren Connecticut, Inc. (7694); Wren Pennsylvania, Inc. (9696); Wren Kitchen Studios, Inc. (7230).

not and however caused, even if the Debtors or their agents, attorneys and/or financial advisors are advised of the possibility of such damages.  Further, nothing in the Schedules and Statements shall be binding against, or considered an admission by, any individual, including the Debtors' former management.

These Global Notes and Statement of Limitations, Methodologies and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and constitute an integral part of, each of the Debtors' Schedules and Statements.  Any party reviewing the Schedules and Statements should refer to, consider and consult with the Global Notes in connection with such review.

Mr. Craig Bishop, who was a former Director of each of the Debtor entities, signed each of the Schedules and Statements in his capacity as an authorized representative for each of the Debtors. In connection with his review and execution of the Schedules and Statements, Mr. Bishop necessarily has relied upon the efforts, statements and representations of a variety of the Debtors' personnel and advisors.  Mr. Bishop has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, without limitation, statements and representations concerning amounts owed to creditors, the classification of such amounts and creditor addresses.

## Global Notes

### 1.  Amendment and Reservation of Rights

The Debtors and their advisors have made reasonable efforts to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions in the Schedules and Statements may exist.  For example, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.  Further, due to the complexity and size of the Debtors' businesses, the Debtors may have improperly characterized, classified, categorized or designated certain items.  In addition, certain items reported in the Schedules and Statements may be included in more than one category.

The Debtors reserve the right to amend, supplement or otherwise modify the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate to recharacterize, reclassify, recategorize or redesignate any items reported in the Schedules and Statements, but they are under no obligation to do so.

### 2.  Basis of Presentation

For financial reporting purposes, the Debtors prepare consolidated financial statements. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor.  Accordingly, combining the assets and claims set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information that would be prepared under Generally Accepted Accounting Principles ("GAAP").  Therefore, these Schedules and Statements do not purport to

NAI-1543396689v3                                      -2-

represent financial statements prepared in accordance with GAAP.

**3. General Assumptions**

a. Reporting Date.  All asset and liability information contained in the Schedules and Statements is as of the end of business on April 18, 2026, the latest accounting period ended prior to the preparation of these Schedules and Statements, except where otherwise noted. Due to the timing of preparation, the Debtors' financials as of the Petition Date are not yet available. Where more recent information is available, the Debtors have endeavored to reflect this information in the Schedules and Statements. As such, the Schedules and Statements have been prepared on a "best efforts" basis to present the Debtors' financials as accurately as possible.

b. Unaudited. The books and records and the financial statements of the Debtors utilized to complete the information contained in the Schedules and Statements are unaudited and the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, federal or state securities laws or other applicable non-bankruptcy laws, regulations, or standards.

c. Book Value.  Unless otherwise noted, all amounts included in the Schedules reflect net book value as of April 18, 2026.  Various questions within the Schedules request "Current Value" or "Current Market Value." Given the number of Debtors and complexity of their business, the process of calculating, obtaining, or verifying "Current Market Value" would be prohibitively expensive, unduly burdensome and an inefficient use of estate resources.

Certain assets may not appear in the Schedules and Statements because the Debtors have depreciated the entire book value of such assets or otherwise expensed such assets in their entirety.

Nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date. Book values of assets generally do not reflect the current performance of the assets or the impact of the current price environment and may differ materially from the actual value and/or performance of the underlying assets.

d. Currency. All amounts are reflected in U.S. dollars, unless otherwise indicated. Assets and liabilities denominated in foreign currencies were translated into U.S. dollars at reasonable market exchange rates.

e. Estimates.  The preparation of the Schedules and Statements required the Debtors to make certain estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities and the reported amounts of revenues and expenses. Actual results could differ materially from these estimates.

f.  Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

g.  Undetermined Amounts. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

h.  Consolidated Cash Management System.  The Debtors utilize a consolidated cash management system and, as such, the disbursements of various Debtors are paid by or through a limited number of Debtor bank accounts, notwithstanding that certain of those disbursements may relate to obligations of other Debtors.  Accordingly, pre-petition disbursements reported in the Statements have been reported based on the Debtor that maintains the bank account from which payments or distributions were made. Historically, Wren US Holdings Inc. has funded cash down to each of the subsidiary entities to fund normal course operating payments.

In addition, certain payments were made by non-Debtor affiliates of the Debtors (the "Non-Debtor Affiliates") on account of the Debtors. Such payments include, but are not limited to, payments for enterprise software, inventory, supplies and centralized services costs. The Debtors make certain chargeback payments to the Non-Debtor Affiliates related to such payments.

i.  Causes of Action.  Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements.  Neither the Global Notes nor the Schedules and Statements constitute a waiver of such causes of action or, in any way, prejudice or impair the assertion of any of the same.

j.  Property and Equipment.  In the ordinary course of their businesses, the Debtors lease vehicles from certain third-party lessors for use in the Debtors' daily operations and otherwise hold property owned by third-parties pursuant to contracts with such parties.  Any such leases or contracts are set forth in Schedule G based on the Debtors' reasonable efforts to identify such leases (and, to the extent applicable, Schedule A/B as property leased by the Debtors).  The property subject to any of such leases or contracts is not reflected in Schedule A/B as either owned property or assets of the Debtors.  Nor is such property reflected in the Debtors' Statements as property or assets of third-parties within the control of the Debtors.

k.  Liabilities. The liability information presented herein represents the estimated liability data of the Debtors as of the Petition Date, except as otherwise noted. Amounts presented herein are based on the Debtors' reasonable efforts to determine amounts owed to creditors. Amounts owed to vendors for certain goods in transit which may not have been received at the Debtors' facilities or services provided for which invoices have not been received may be understated due to lack of sufficient information. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

NAI-1543396689v3                                  -4-

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any transaction or any document or instrument related to any creditor's Claim.

l. <u>Real Estate Leases.</u> In the ordinary course of their business, the Debtors lease facilities from certain third-party lessors for use in their daily operations. Any such leases are set forth in Schedule G and Schedule A/B 55. The property subject to any of such leases is not reflected in the Statements reflected as property or assets of third-parties within the control of the Debtors. Nothing in the Schedule is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or financing arrangement) and the Debtors reserve all rights with respect to any such leases.

m. <u>Claims Description.</u>  Any failure to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated" or that such claim is not subject to objection.

Listing a claim on the Schedules and Statements as "unsecured priority" does not constitute an admission by the Debtors of the legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed as unsecured priority does not constitute an unsecured priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured nonpriority claim.

Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, and other such agreements.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.  In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because all such claims are contingent, disputed and/or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 7, as applicable.  It is possible that certain guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  The Debtors reserve their rights to amend the Schedules and Statements to the extent additional guaranties are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements and to recharacterize or reclassify any such contract or claim, whether by amending the Schedules and Statements or in another appropriate filing.

n. <u>Excluded Assets and Liabilities.</u>  The Debtors have excluded certain categories of assets, tax accruals and liabilities from the Schedules and Statements, including,

without limitation, goodwill, accrued salaries, certain employee benefit accruals, accrued expenses, and deferred revenue.  The Debtors also have not attempted to anticipate rejection damage claims of counterparties to executory contracts and unexpired leases that may arise out of future contract or lease rejections.  In addition, certain immaterial assets and liabilities may have been excluded.

o.  Intellectual Property.  The Debtors' inadvertent exclusion of any intellectual property from the Schedules and Statements is not an admission that the Debtors have abandoned, terminated or assigned such intellectual property or that such intellectual property has expired by its own terms or was transferred pursuant to a sale, acquisition or other transaction.  Conversely, the Debtors' inclusion of any intellectual property in the Schedules and Statements is not an admission that the Debtors have not abandoned, terminated or assigned such intellectual property or that such intellectual property has not expired by its own terms or was not transferred pursuant to a sale, acquisition or other transaction.

p.  Definition of Insiders.  For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as:  (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and their being listed as such shall not be binding on any party.

q.  Global Notes Control. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**4.  Specific Schedules of Assets and Liabilities Disclosures**

a.  Cash on hand (AB2).  The Debtors periodically receive cash payments from customers at their retail showroom locations. Such cash is deposited on a daily basis into the bank accounts identified on Schedule AB3. As of the Petition Date and the preparation of these Schedules and Statements, the Debtors believe that there is no material cash on hand at any retail location. To the extent any cash receipts were deposited on or shortly prior to the Petition Date but have not yet cleared or been credited by the applicable depository institution, such amounts may not be reflected in the balances reported on Schedule AB3.

b.  Checking, savings, money market or financial brokerage accounts (AB3). The bank account balances are listed as of the Petition Date.

c.  Prepayments (AB8). Prior to the Petition Date, the Debtors made certain estimated payments of sales and use taxes to applicable taxing authorities in advance of their normal due dates which have been included on Schedule AB8. Such payments were made based on the Debtors' good faith estimates of amounts owed. To the extent such payments exceed the Debtors' actual tax liabilities for the applicable periods, the

Debtors may have claims for refunds or credits against such taxing authorities. Any such amounts are not presently known and have not been fully reconciled as of the Petition Date. Accordingly, any potential tax receivables have not been reflected given their contingent and unliquidated amounts. Out of an abundance of caution, the applicable taxing authorities have been listed on Schedule E/F in the event that such prepayments were insufficient to cover all obligations.

d. Accounts Receivable (AB11). Accounts receivable balances have been presented net of customer deposits or cash on account based on the book value as of April 18, 2026. Such accounts receivable have not been adjusted to reflect any counterclaims or set-offs that customers may assert based on breach of contract or other disputes.

e. Non-publicly traded stock (AB15). Ownership interests in subsidiaries, partnerships and joint ventures have been identified in AB15 in an undetermined amount because the fair market value of any such ownership interest is dependent on numerous variables and factors that may cause its fair market value to differ materially from its net book value. All entities listed are also Debtors in these Chapter 7 cases.

f. Inventory, excluding agriculture assets (AB19 thru AB22). A detailed listing of the Debtors' inventory is not available as of the Petition Date. Items listed herein are presented as general groupings of asset classes based on the Debtors' last inventory taken. Actual amounts as of the Petition Date may be materially different as the Debtors may have utilized or sold such inventory in the ordinary course of business between the inventory date and the Petition Date.

g. Office Furniture (AB39). The Debtors' books and records do not separately identify or itemize office furniture. To the extent present, office furniture at retail showroom and store-within-store locations consists of incidental items, such as desks and chairs. As no separate value is reflected in the Debtors' books and records for such items, each Debtor has included a general line item on Schedule AB39 for completeness.

h. Other Machinery, Fixtures, and Equipment (excluding farm machinery and equipment) (AB50). Includes improvements and fixtures at Leased Properties and Licensed Locations (each as defined below). The Debtors' books and records include certain capitalized costs, including, without limitation, installation costs, architectural and design fees, electrical work, and other similar expenditures. Such amounts are not separately listed on Schedule AB50 because they do not constitute discrete assets that are readily identifiable or separable from the underlying properties or equipment to which they relate, the Debtors are not able to reasonably determine the standalone value of such items as of the Petition Date, and such amounts may not be recoverable on a standalone basis.

i. Real Property (AB55). The Debtors lease certain real property used in the operation of their business (the "Leased Properties"), including retail showroom locations, office headquarters, and manufacturing facilities. Such leased properties are included on Schedule AB55 and the relevant leases are identified on Schedule G.

In addition, the Debtors operate certain store-within-store showroom locations (the "Licensed Locations") pursuant to license arrangements with The Home Depot under that certain Master Collaboration Agreement (the "Master Collaboration Agreement"). These Licensed Locations are not owned or leased by the Debtors and, accordingly, are not included on Schedule AB54-58. The Master Collaboration Agreement (incorporating any and all schedules and amendments) is listed on Schedule G.

j.  Intangibles and Intellectual Property (AB60 thru AB62). The Debtors do not own any intangible assets or intellectual property. All domain names, trademarks, copyrights, certain proprietary software and other intellectual property are owned by Non-Debtor Affiliates and usage by the Debtors is allowed through various royalty-free intercompany licensing arrangements.

k.  Insurance (AB73). The Debtors maintain various insurance policies in the ordinary course of business. Wren US Holdings, Inc. is the primary holder of the policies with the other Debtors included as named insureds. As such, each of the Debtors have included the policies on Schedule AB73. With the exception of the Directors & Officers policy (which has been fully pre-paid) premiums on the policies are currently paid on a month-to-month basis and, absent additional payment, coverage may lapse on or after May 31, 2026.

l.  Other Property (AB77). Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions with other Debtors and Non-Debtor Affiliates. Intercompany balances are listed on both AB77 as well as Schedule F.

m.  Contingent Assets. The Debtors exercised reasonable efforts to identify contingent assets although certain errors or omissions may exist. The Debtors reserve their rights to supplement the Schedules and Statements for such items at a later date.

n.  Schedule D. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and to determine the nature, extent, and priority of any liens. In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights.

o.  Schedule E/F. The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' books and records as of the Petition Date.

The Debtors have listed all known taxing authorities for each Debtor on Schedule E/F.  Certain of the tax claims may be subject to on-going audits, and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the tax claims listed on Schedule E/F.  Therefore, the Debtors have listed all such claims as "Undetermined" in amount, pending final resolution of on-going audits or outstanding issues.  In addition, there may be other numerous contingent, unliquidated claims from state taxing authorities, not all of which are listed.

Prior to the Petition Date, all employees of the Debtors were terminated and provided with a "final" paycheck intended to satisfy all accrued and unpaid compensation obligations through the Petition Date, including, without limitation, salary, wages, commissions, and accrued but unused paid time off. The amounts reflected in such payments were based on the Debtors' good faith estimates and available records at the time. To the extent any amounts remain owing to employees, including as a result of adjustments to commissions or other variable compensation, such amounts are not presently known and may give rise to additional claims against the Debtors. Accordingly, any such claims are contingent and unliquidated, and have not been separately scheduled on Schedule E/F.

The claims of individual creditors for among other things, products, goods or services are listed as either the lower of the amounts invoiced by the creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors. The claims listed on Schedule E/F arose or were incurred on various dates, and in certain instances, the date on which a claim arose may be an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors have listed "various" for each claim listed on Schedule E/F.  Amounts presented herein are based on the Debtors' best efforts to determine amounts owed to creditors as of the Petition Date. Amounts owed to vendors for certain goods in transit which have not yet been received may be understated due to lack of sufficient information. As set forth above, the claims listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.

Schedule E/F reflects certain deposits received by the Debtors prior to the Petition Date. The Debtors have not undertaken a comprehensive analysis to determine the extent to which any such deposits may be entitled to priority treatment under section 507(a)(7) of the Bankruptcy Code or otherwise. Accordingly, out of an abundance of caution, all such claims have been listed on Schedule E/F as general unsecured, non-priority claims.

Further, certain customers may have received, or may in the future seek to obtain, refunds or chargebacks from credit card issuers or other payment processors with respect to such deposits, which could reduce or eliminate any corresponding priority or other such claims against the Debtors to the extent applicable. The Debtors have not reconciled the impact of any such potential recoveries as of the Petition Date.

The Debtors reserve all rights with respect to such deposits, including, without limitation, (i) the right to dispute the validity, priority, and amount of any such claims, and (ii) the right to assert any defenses, offsets, or recoupment rights with respect thereto.

Schedule E/F contains information regarding pending litigation involving the Debtors.  To the extent multiple Debtors were named as defendants in a pending litigation, the Debtors made reasonable efforts to list the pending litigation as a claim on Schedule E/F of each respective Debtor.  However, certain omissions may have occurred.  The inclusion of any litigation action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any litigation action and the amount and treatment of any potential claim resulting from any litigation action currently pending or that may arise in the future.

Schedule E/F includes intercompany payables between Debtors and various other Debtors and Non-Debtor Affiliates.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they are reflected on the Debtors' books and records as required in accordance with GAAP.

At the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to, but undertake no obligation to, amend Schedules D and E/F if and as they receive such invoices.

p.  Schedule G.  The Debtors' businesses are complex. Although the Debtors' books, records, financial systems and contracts management systems have been relied upon to identify and schedule executory contracts for each of the Debtors and reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or overinclusion may have occurred. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppels, certificates, letters, memoranda and other documents, instruments and agreements that may not be listed on Schedule G, despite the Debtors' use of reasonable efforts to identify such documents.  In some cases, the same supplier or provider may appear multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

Certain of the contracts, agreements and leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal,

rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not separately set forth on Schedule G.  Unless otherwise identified on Schedule G, each contract, agreement and lease identified therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements or other agreements made directly or indirectly by any such agreement, instrument or other document that in any manner affects such contract, agreement and lease, without respect to whether such contract, agreement and lease is listed therein.

Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained in every circumstance. In such cases, the Debtors made their best efforts to determine the correct Debtors' Schedule G on which to list such executory contract or unexpired lease. Executory contracts that are oral in nature, if any, have not been included on Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

The presence of a contract or agreement on Schedule G does not constitute an admission that any such contract or agreement is an executory contract or unexpired lease.

Schedule G is based on the best information available as of the Petition Date.

q.  Schedule H.  The Debtors have made reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party.  However, the Debtors may not have identified all Guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  In addition, certain of the Guarantees reflected on Schedule H, if any, may have expired or no longer be enforceable.  In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary business transactions.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross claims or counter-claims against other parties.  Due to the volume of such claims, and because all such claims are contingent, unliquidated and disputed, and listed elsewhere in the Schedules and Statements, such claims have not been set forth individually on Schedule H.

5.  **Specific Statements of Financial Affairs Disclosures**

a.  Statement 3.  The amounts set forth in response to Statement 3 reflect payments made by the Debtors to creditors within the 90 days immediately preceding the Petition Date based on the Debtors' books and records and disbursement systems.  Such payments have been aggregated by creditor where appropriate and may reflect the

date of check issuance or payment initiation rather than the date such payments were honored or cleared by the applicable financial institution. Disbursements made on account of multiple invoices may be reflected as a single payment. In certain cases, payment may have been made by one Debtor for the benefit of, or on behalf of, multiple Debtors.  Any such payments have only been listed on the exhibits for the Debtor that made the payment.

The Debtors have excluded from Statement 3 certain payments and transfers, including, without limitation (i) payroll and employee-related payments including wages, salaries & expense reimbursements, (ii) payments to taxing authorities, (iii) customer refunds & returns, and (iv) transfers that the Debtors believe were not made on account of antecedent debt, including contemporaneous exchanges for new value and cash-on-delivery transactions.

The listing of any payment herein does not constitute, and the Debtors expressly reserve all rights with respect to, any characterization of such payment, including without limitation, whether such payment is avoidable or recoverable under applicable law.

b.  Statement 4.  The amounts set forth in response to Statement 4 reflect payments made by the Debtors to insiders (as defined in Section 101(31) of the Bankruptcy Code) within the one year immediately preceding the Petition Date, based on the Debtors' books and records and disbursement systems. Such payments have been aggregated by insider where appropriate and may reflect the date of check issuance or payment initiation rather than the date such payments were honored or cleared by the applicable financial institution.

Payments to Non-Debtor Affiliates are generally comprised of: (i) those related to payments made by the Non-Debtor Affiliates on account of the Debtors, including payments made for enterprise software, inventory, supplies and centralized services costs, and (ii) payments for inventory and raw materials purchased by the Debtors from their Non-Debtor Affiliates. All transactions between the Debtors and their Non-Debtor Affiliates were conducted on an arms-length basis.

In addition, during periods prior to the Petition Date, certain personnel employed by the Debtors provided services to entities owned by one of the Debtors' directors. The Debtors were reimbursed by the director for the payroll and related costs associated with such personnel on a periodic basis. Such personnel are no longer employed by the Debtors, and the Debtors do not believe that any amounts are outstanding or owing from these entities in respect of such arrangements as of the Petition Date. Out of an abundance of caution, the Debtors have listed these payroll payments, on an aggregated basis, on Statement 4.

The identification of any person or entity as an insider herein is for informational purposes and should not be construed as a legal conclusion or an admission that such parties are insiders for purposes of section 101(31) of the Bankruptcy Code. The

NAI-1543396689v3                                                     -12-

listing of any payment herein does not constitute, and the Debtors expressly reserve all rights with respect to, any characterization of such payment, including, without limitation, whether such payment is avoidable or recoverable under applicable law.

c. Statement 7.  It is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to this Statement. The Debtors reserve all of their rights to amend or supplement their response to this Statement.

d. Statement 17.  The Debtors maintain a 401(k) plan for the benefit of their employees, which includes employer matching contributions that vest over time in accordance with the terms of the applicable plan documents. All employees were terminated on or prior to the Petition Date.

   To the extent employees had unvested employer matching contributions as of their termination, such amounts may, in accordance with the terms of the plan, be subject to forfeiture and reversion to the Debtors. No assurance can be given as to the timing or amount of any such recoveries.

e. Statement 25.  Certain of the Debtors own equity interests in subsidiaries that are also debtors in these chapter 7 cases. Accordingly, the information set forth in response to Statement 25 may include references to such entities; however, each Debtor has provided its own separate response to Statement 25. The ownership of such entities is also reflected on Schedule AB15 as equity interests of the applicable Debtor.

f. Statement 26. The Debtors' books of account and records are maintained in the ordinary course of business by the Debtors, with assistance from certain employees, officers, and third-party service providers. To the extent any firm or individual is identified in response to Statement 26(c), such person or entity may possess only certain categories of the Debtors' books and records, whether in electronic or hard-copy form, and such possession may be shared with others.

   The Debtors have identified, to the best of their knowledge and based on a reasonable review of their books and records, those financial institutions, creditors, and other parties to whom the Debtors provided formal financial statements within the two years preceding the Petition Date. For purposes of Statement 26(d), "financial statements" generally include audited or unaudited financial statements and other formal financial reporting packages prepared by or on behalf of the Debtors.

   The Debtors have not included routine communications or disclosures provided in the ordinary course of business, including, without limitation, vendor credit applications, customer communications, marketing materials, or other informal financial information. The Debtors' responses may not include all recipients of such financial statements due to the limitations of the Debtors' books and records and the passage of time. The Debtors reserve all rights with respect to the completeness and characterization of the information provided.

g. <u>Statement 27.</u> In the ordinary course of business, the Debtors utilize a perpetual inventory system to manage their inventory stock and raw material purchases. At the end of each fiscal year, the Debtors perform a physical inventory count as part of their annual close and audit procedures. The Debtors' auditor reviews this physical inventory count each year.  As such, there is no single Debtor employee that is responsible for maintaining the Debtors' inventory counts.

h. <u>Statement 30.</u> In the ordinary course of business, the Debtors engaged in certain transactions with insiders. The primary shareholder of the Debtors' ultimate parent has, from time to time, used a corporate credit card to pay for certain personal expenses, which were reimbursed to the Debtors on a monthly basis. As of the Petition Date, the Debtors do not believe that any amounts are outstanding or owing from such shareholder in respect of such reimbursements.

Disbursements to insiders of the Debtors that have been listed in response to Statement 4 have not been duplicated in response to Statement 30.

**6. Additional Notes**

a. <u>Claims of Third-Party Related Entities.</u>  Although the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to both such entity and its affiliates. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

b. <u>Umbrella Agreements.</u> A number of contracts listed in the Schedules and Statements are umbrella agreements that cover some or all of the Debtors. Such agreements have been listed in the Schedules and Statements of the Debtor that was the main signatory to the agreement, although more than one of the Debtors may be obligated under the agreement.

**Fill in this information to identify the case:**

Debtor name _____ Wren Kitchens New York, Inc. _____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): __26-10585_____

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/25

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 12/26/2025<br>MM / DD / YYYY | to Filing date | ☑ Operating a business<br>☐ Other _____ | $ 13,894,398.00 |
| **For prior year:** | From 12/26/2024<br>MM / DD / YYYY | to 12/25/2025<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 33,095,812.87 |
| **For the year before that:** | From 12/26/2023<br>MM / DD / YYYY | to 12/25/2024<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 28,270,437.41 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM / DD / YYYY | to Filing date | _____ | $ _____ |
| **For prior year:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | _____ | $ _____ |

Debtor   Wren Kitchens New York, Inc. _____      Case number (if known) 26-10585 _____
_____Name_____

| Part 2: | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | See attached Part 2 question 3 schedule<br>Creditor's name<br><br>Street<br><br>City          State     ZIP Code | _____<br><br>_____<br><br>_____ | $ 3,979,263.62 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2. | Creditor's name<br><br>Street<br><br>City          State     ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | See attached Part 2 question 4 schedule<br>Insider's name<br><br>Street<br><br>City          State     ZIP Code<br><br>**Relationship to debtor**<br>_____ | _____<br><br>_____<br><br>_____ | $ 17,311,000.00 | _____<br><br>_____<br><br>_____ |
| 4.2. | Insider's name<br><br>Street<br><br>City          State     ZIP Code<br><br>**Relationship to debtor**<br>_____ | _____<br><br>_____<br><br>_____ | $_____ | _____<br><br>_____<br><br>_____ |

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page **2**

Debtor  Wren Kitchens New York, Inc. _____  Case number (*if known*) 26-10585 _____
  Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| **5.1.** Creditor's name<br><br>Street<br><br>City   State   ZIP Code | | | $ |
| **5.2.** Creditor's name<br><br>Street<br><br>City   State   ZIP Code | | | $ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name<br><br>Street<br><br>City   State   ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | $ |

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| **7.1.** See attached Part 3 question 7 schedule<br><br>**Case number**<br>_____ | _____ | Name<br>Street<br><br>City   State   ZIP Code | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| **7.2.** Case title<br>_____<br><br>**Case number**<br>_____ | | Court or agency's name and address<br>Name<br>Street<br><br>City   State   ZIP Code | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

Official Form 207    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**    page **3**

Debtor    Wren Kitchens New York, Inc.                               Case number (if known) 26-10585
          Name

8. **Assignments and receivership**

   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ✔ None

   | Custodian's name and address | Description of the property | Value |
   |---|---|---|
   | | | $ |
   | Custodian's name | **Case title** | **Court name and address** |
   | Street | | Name |
   | | **Case number** | Street |
   | City          State     ZIP Code | | |
   | | **Date of order or assignment** | City          State     ZIP Code |

---

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ☑ None

   | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
   |---|---|---|---|
   | 9.1. | | | $ |
   | Recipient's name | | | |
   | Street | | | |
   | City          State     ZIP Code | | | |
   | **Recipient's relationship to debtor** | | | |
   | 9.2. | | | $ |
   | Recipient's name | | | |
   | Street | | | |
   | City          State     ZIP Code | | | |
   | **Recipient's relationship to debtor** | | | |

---

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ✔ None

    | Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
    |---|---|---|---|
    | | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
    | | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
    | | | | $ |

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page **4**

Debtor  Wren Kitchens New York, Inc.                          Case number *(if known)* 26-10585
_____
Name

| **Part 6:** | **Certain Payments or Transfers** |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State          ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State          ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| **Trustee** | _____ | | |
| _____ | | | |

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page **5**

Debtor    Wren Kitchens New York, Inc.          Case number *(if known)* 26-10585
        Name

### 13. Transfers not already listed on this statement

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

13.1. _____

     _____    _____    $_____

**Address**

_____
Street

_____

_____
City      State      ZIP Code

**Relationship to debtor**

_____

**Who received transfer?**

     _____    _____    $_____

13.2. _____

     _____

**Address**

_____
Street

_____

_____
City      State      ZIP Code

**Relationship to debtor**

_____

---

## Part 7: Previous Locations

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---|---|

14.1. _____    From _____    To _____
     Street

     _____

     _____
     City      State      ZIP Code

14.2. _____    From _____    To _____
     Street

     _____

     _____
     City      State      ZIP Code

Debtor        Wren Kitchens New York, Inc.                      Case number (*if known*) 26-10585
              Name

## Part 8:    Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____ <br> Facility name <br><br> _____ <br> Street <br><br> _____ <br> City        State        ZIP Code | _____ <br> _____ <br><br> **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br><br> _____ <br> _____ | _____ <br><br> **How are records kept?** <br><br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |
| **Facility name and address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
| 15.2. _____ <br> Facility name <br><br> _____ <br> Street <br><br> _____ <br> City        State        ZIP Code | _____ <br> _____ <br><br> **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br><br> _____ <br> _____ | _____ <br><br> **How are records kept?** <br><br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |

## Part 9:    Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.  Names, Addresses, Email Addresses

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

   Yes. Does the debtor serve as plan administrator?

   ☐ No. Go to Part 10.

   ☑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| Voya Services Company | EIN: 4 6 – 5 4 1 6 0 2 8 |

   Has the plan been terminated?

   ☑ No

   ☐ Yes

Official Form 207            **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**            page **7**

Debtor    Wren Kitchens New York, Inc.                                    Case number *(if known)* 26-10585
_____
Name

---

### Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____<br>Name<br>_____<br>Street<br>_____<br>City    State    ZIP Code | XXXX–___ ___ ___ ___ | ❑ Checking<br>❑ Savings<br>❑ Money market<br>❑ Brokerage<br>❑ Other_____ | _____ | $_____ |
| 18.2. | _____<br>Name<br>_____<br>Street<br>_____<br>City    State    ZIP Code | XXXX–___ ___ ___ ___ | ❑ Checking<br>❑ Savings<br>❑ Money market<br>❑ Brokerage<br>❑ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br>_____<br>Street<br>_____<br>City    State    ZIP Code | _____<br>_____<br>_____<br>**Address**<br>_____<br>_____ | _____<br>_____<br>_____ | ❑ No<br>❑ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br>_____<br>Street<br>_____<br>City    State    ZIP Code | _____<br>_____<br>_____<br>**Address**<br>_____<br>_____ | _____<br>_____<br>_____ | ❑ No<br>❑ Yes |

Official Form 207    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**    page **8**

Debtor    Wren Kitchens New York, Inc.                          Case number (*if known*) 26-10585
　　　　　Name

---

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

✔ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

---

| **Part 12:** | **Details About Environmental Information** |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | | _____ | ☐ Pending |
| Case number | Name | _____ | ☐ On appeal |
| _____ | Street | _____ | ☐ Concluded |
| | City          State          ZIP Code | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | _____ | _____ |
| Street | Street | _____ | |
| City        State        ZIP Code | City        State        ZIP Code | | |

---

Official Form 207    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**    page **9**

Debtor ___Wren Kitchens New York, Inc._____    Case number *(if known)* _26-10585_____
      <sub>Name</sub>

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City            State        ZIP Code | City            State        ZIP Code | | |

---

**Part 13:**  **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Name<br><br>Street<br><br>City        State      ZIP Code | | EIN: __ __ – __ __ __ __ __ __ __<br><br>**Dates business existed**<br><br>From _____    To _____ |
| 25.2. | Name<br><br>Street<br><br>City        State      ZIP Code | | EIN: __ __ – __ __ __ __ __ __ __<br><br>**Dates business existed**<br><br>From _____    To _____ |
| 25.3. | Name<br><br>Street<br><br>City        State      ZIP Code | | EIN: __ __ – __ __ __ __ __ __ __<br><br>**Dates business existed**<br><br>From _____    To _____ |

Debtor    Wren Kitchens New York, Inc. _____    Case number *(if known)* 26-10585 _____
　　　　　Name

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1.　See attached Part 13 question 26a schedule<br>Name<br><br>Street<br><br><br>City　　　　　　　State　　　ZIP Code | From _____　To _____ |
| 26a.2.<br>Name<br><br>Street<br><br><br>City　　　　　　　State　　　ZIP Code | From _____　To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1.　KPMG<br>Name<br>　1 Sovvereign Square<br>Street<br><br>Leeds　　　　　UK　　　LS1 4DA<br>City　　　　　　　State　　　ZIP Code | From  1/1/2010 　To  present |
| 26b.2.<br>Name<br><br>Street<br><br><br>City　　　　　　　State　　　ZIP Code | From _____　To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.　See attached Part 13 question 26c schedule<br>Name<br><br>Street<br><br><br>City　　　　　　　State　　　ZIP Code | _____<br>_____<br>_____ |

Debtor     Wren Kitchens New York, Inc.                                    Case number (*if known*) 26-10585
           Name

| Name and address | | | If any books of account and records are unavailable, explain why |
|---|---|---|---|
| 26c.2. | | | |
| | Name | | |
| | Street | | |
| | | | |
| | City | State    ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

❏ None

| Name and address | | |
|---|---|---|
| 26d.1. | Home Depot U.S.A., Inc. | |
| | Name | |
| | 2455 Paces Ferry Road, N.W. | |
| | Street | |
| | | |
| | Atlanta | Georgia        30339 |
| | City | State    ZIP Code |

| Name and address | | |
|---|---|---|
| 26d.2. | | |
| | Name | |
| | Street | |
| | | |
| | City | State    ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

❏ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $_____ |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|
| 27.1. | | |
| | Name | |
| | Street | |
| | | |
| | City | State    ZIP Code |

Debtor  Wren Kitchens New York, Inc.

Name

Case number (*if known*) 26-10585

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

**Name and address of the person who has possession of inventory records**

27.2.

Name

Street

City          State     ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See attached Part 13 Question 28 Schedule | | | |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. see Part 2, Question 4 | _____ | _____ | _____ |

Name

Street

City          State     ZIP Code

**Relationship to debtor**

_____

Debtor    Wren Kitchens New York, Inc.                                    Case number (*if known*) 26-10585
_____                                  _____
Name

| | Name and address of recipient | | | | |
|---|---|---|---|---|---|
| 30.2 | _____ | | | | |
| | Name | | | | |
| | _____ | | | | |
| | Street | | | | |
| | _____ | | | | |
| | _____ | | | | |
| | City                State      ZIP Code | | | | |
| | **Relationship to debtor** | | | | |
| | _____ | | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Wren US Holdings, Inc. | EIN: 8  4 – 2  6  4  2  6  7  6 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| _____ | EIN: __ __ – __ __ __ __ __ __ __ |

---

## Part 14:    Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    5/8/2026
               _____
               MM  / DD  / YYYY

✗ ___/s/ Craig Bishop_____          Printed name  Craig Bishop
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  Authorized Representative

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☑ Yes

In re Wren Kitchens New York, Inc.

Part 2, Question 3 - Certain payments or transfers to creditors within 90 days before filing this case.

| Creditor's Name | Address 1 | Address 2 | City | State | ZIP | Country | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|
| Brixmor Operating Partnership LP | 200 Ridge Pike | Site 100 | Conshohocken | PA | 19428 | United States | various | $171,530.54 | Rent |
| BullseyeNYC | 425 Wild Ave | Unit H | Staten Island | NY | 10314 | United States | various | $35,835.00 | Showroom development |
| Cintas Corporation | 114 Centerpoint Blvd | | Pittston | PA | 18640 | United States | various | $9,022.25 | H&S |
| Cintas Fire Protection | 4310 Metro Parkway | Suite 300 | Fort Myers | FL | 33916 | United States | various | $11,668.90 | H&S |
| Commack Square, LLC | 471 N Broadway | Suite 405 | Jericho | NY | 11753 | United States | various | $131,277.84 | Rent |
| ConEdison | PO Box 138 | Cooper Station | New York | NY | 10276 | United States | various | $30,347.01 | Utilities |
| Hempstead Levittown Associates LLC | 19 West 34th Street | Suite 918 | New York | NY | 10001 | United States | various | $214,631.17 | Rent |
| Insight Direct USA, Inc. | 6820 South Harl Avenue | | Tempe | AZ | 85283 | United States | various | $9,815.21 | IT Hardware |
| New Granite and Marble LLC | 121 Wagaraw Rd | | Hawthorne | NJ | 07506 | United States | various | $46,347.25 | Quartz |
| NGRID37 | Accounts Processing KEDLI | One MetroTech Center | Brooklyn | NY | 11201-3948 | United States | various | $41,379.51 | Utilities |
| NORTHEAST QUARTZ INC | 30 Platinum Court | | Medford | NY | 11763 | United States | various | $601,853.05 | Installation |
| PricewaterhouseCoopers LLP | 1 Embankment Place | | London | | WC2N 6RH | United Kingdom | 2/12/2026 | $28,073.82 | Professional fees |
| PSEG Long Island | PO Box 9039 | | Hicksville | NY | 11802-9039 | United States | various | $54,077.78 | Utilities |
| Roto-Rooter Services Company | 255 E. 5th St | Ste 2500 | Cincinnati | OH | 45202 | United States | various | $12,255.72 | Showroom Repairs |
| SFV Services | 1 Towne Square | Suite 1470 | Southfield | MI | 48076 | United States | various | $2,063,852.22 | Installation costs |
| Sunrise Mass Annex LLC | 40 Cutter Mill Road | Suite 405 | Great Neck | NY | 11021 | United States | various | $143,902.98 | Rent |
| TRIANGLE PLAZA I LLC | 30-56 Whitestone Expressway | Suite 300 | White Stone | NY | 11354 | United States | various | $222,963.98 | Rent |
| UE Mundy Street LP | 210 Route 4 East | | Paramus | NJ | 07652 | United States | various | $107,159.48 | Rent |
| UE Yonkers II LLC | | | | | | | 4/1/2026 | $43,269.91 | Rent |

In re Wren Kitchens New York, Inc.
SOFA Part 2, Question 4 - Payments or other transfers of property made within 1 year before filing this case that benefited any insider.

| Insider's Name | Address 1 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 4/24/2025 | $400,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 4/24/2025 | $430,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 4/29/2025 | $230,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 5/7/2025 | $330,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 5/16/2025 | $425,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 5/21/2025 | $200,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 5/21/2025 | $400,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 5/23/2025 | $230,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 5/28/2025 | $450,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 6/2/2025 | $100,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 6/4/2025 | $130,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 6/6/2025 | $170,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 6/11/2025 | $230,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 6/17/2025 | $100,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 6/18/2025 | $140,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 6/25/2025 | $170,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 6/26/2025 | $268,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 7/16/2025 | $100,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 7/17/2025 | $350,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 7/23/2025 | $462,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 7/25/2025 | $116,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 7/30/2025 | $30,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 7/31/2025 | $180,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 8/6/2025 | $200,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 8/21/2025 | $370,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 8/22/2025 | $100,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 8/22/2025 | $100,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 8/26/2025 | $100,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 8/27/2025 | $500,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 8/29/2025 | $500,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 8/29/2025 | $100,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 9/8/2025 | $25,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 9/9/2025 | $20,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 9/15/2025 | $400,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 10/8/2025 | $500,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 10/22/2025 | $350,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 10/29/2025 | $150,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 10/30/2025 | $300,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 11/4/2025 | $200,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 11/14/2025 | $250,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 11/19/2025 | $200,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 11/28/2025 | $500,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 12/3/2025 | $400,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 12/5/2025 | $100,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 12/10/2025 | $200,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 12/17/2025 | $150,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 1/7/2026 | $150,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 1/12/2026 | $150,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 1/13/2026 | $200,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 1/15/2026 | $475,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 1/20/2026 | $150,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 1/21/2026 | $150,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 1/23/2026 | $250,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 1/28/2026 | $100,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 1/29/2026 | $200,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 2/5/2026 | $250,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 2/11/2026 | $125,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 2/18/2026 | $300,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 2/18/2026 | $200,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 2/25/2026 | $75,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 3/3/2026 | $250,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 3/5/2026 | $150,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 3/10/2026 | $175,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 3/16/2026 | $300,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 3/17/2026 | $100,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 3/24/2026 | $20,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 3/24/2026 | $250,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 3/31/2026 | $175,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 4/7/2026 | $100,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 4/10/2026 | $180,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 4/14/2026 | $200,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 4/16/2026 | $75,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 4/21/2026 | $80,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 4/21/2026 | $65,000.00 | Cash Management |
| WREN RETAIL INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 4/22/2026 | $60,000.00 | Cash Management |
| WREN US HOLDINGS INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 10/27/2025 | $300,000.00 | Cash Management |
| WREN US HOLDINGS INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 10/27/2025 | $100,000.00 | Cash Management |
| WREN US HOLDINGS INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 10/27/2025 | $250,000.00 | Cash Management |
| WREN US HOLDINGS INC | 8 Sound Shore Drive | Greenwich | CT | 06830 | US | Debtor Parent | 10/27/2025 | $350,000.00 | Cash Management |

**In re Wren Kitchens New York, Inc.**

SOFA Part 3 Question 7 - Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|
| Amir Mckey | | Civil | NYSDHR | 88-11 Sutphin Boulevard, Jamaica, NY 11435 | Open |
| Danielle Zupka | | Civil | Pre-Agency Litigation | 225 Cadman Plaza E, Brooklyn, NY 11201 | Open |
| Supreme Court of the State of New York County of Suffolk Maria Donoso | FYW3599 | Civil | Stephanie E. Saalbach, M.B.A. \| Claim Professional \| General Liability Travelers | Travelers P.O. Box 430 Buffalo, NY 14240-0430 | Open |
| Retail Construction Management of NY, Inc. | 724599/2022 | Civil | Supreme Court of the State of New York County of Queens | 925 Lincoln Ave Apt 11, Holbrook, New York 11741 | Open |
| Claimant: Laura Benish | 85-00690092 | Civil | Casadevall & Castagnozzi, Esqs. Attorneys for Accident Cases | 80 Lincoln Avenue Pelham, New York 10803 | Open |
| Claimant: Robert Keenan KLINEBURGER & NUSSEY Attorneys at Law | F4P7138 | Civil | Rita Boos \| Claim Professional \| Travelers Metro NY/NJ Claim Center | P.O. Box 430 Buffalo, NY 14240-0430 | Open |
| Michael Ellis | n/a | Consumer complaint | New York State Department of State – Division of Consumer Protection | 99 Washington Avenue, Albany, NY 12231-0001 | Open |

In re Wren Kitchens New York, Inc.

SOFA Part 13, Question 26a - List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name | Address | Dates of service |
|---|---|---|
| Craig Bishop | The Nest, Falkland Way, Barton Upon Humber, DN18 5RL, UK | 4/24/2024 - present |
| Chris Wharmby | The Nest, Falkland Way, Barton Upon Humber, DN18 5RL, UK | 4/24/2024 - 3/03/2024 |
| Lee Vessey | The Nest, Falkland Way, Barton Upon Humber, DN18 5RL, UK | 4/24/2024 - 12/31/2024 |

In re Wren Kitchens New York, Inc.

SOFA Part 13, Question 26c - List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name | Address |
|------|---------|
| KPMG | 1 Sovereign Square, Leeds, LS1 4DA, UK |
| West Retail Group Limited | The Nest, Falkland Way, Barton Upon Humber, DN18 5RL, UK |
| Craig Bishop | The Nest, Falkland Way, Barton Upon Humber, DN18 5RL, UK |
| Chris Wharmby | The Nest, Falkland Way, Barton Upon Humber, DN18 5RL, UK |

In re Wren Kitchens New York, Inc.

SOFA Part 13, Question 28 – List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and Nature of Any Interest | % of Interest |
|---|---|---|---|
| Wren Retail Inc. | 8 Sound Shore Drive, Greenwich, CT 06830 | 100% shareholder | 100.0% |
| Malcolm Healey | 8 Sound Shore Drive, Greenwich, CT 06830 | Director | 0.0% |
| Mark Pullan | 8 Sound Shore Drive, Greenwich, CT 06830 | Director | 0.0% |
| Raf Klimek | 8 Sound Shore Drive, Greenwich, CT 06830 | Director | 0.0% |
| Alex Grant | 8 Sound Shore Drive, Greenwich, CT 06830 | Director | 0.0% |
| Craig Bishop | 8 Sound Shore Drive, Greenwich, CT 06830 | Director | 0.0% |
| Jane Oldfield | 8 Sound Shore Drive, Greenwich, CT 06830 | Director | 0.0% |
| Damian Gawronkiewicz | 8 Sound Shore Drive, Greenwich, CT 06830 | President | 0.0% |
| Kevin Parente | 8 Sound Shore Drive, Greenwich, CT 06830 | Vice-President | 0.0% |
| Stephanie Steels | 8 Sound Shore Drive, Greenwich, CT 06830 | Treasurer / Secretary | 0.0% |